# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.R. and H.R. Jr.**

**No. 20-0239** (Kanawha County 19-JA-548 and 19-JA-549)

FILED
**September 23, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father H.R. Sr., by counsel Rick F. Holroyd, appeals the Circuit Court of Kanawha County's February 18, 2020, order terminating his parental rights to A.R. and H.R. Jr.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Jennifer R. Victor, filed a response on behalf of the children also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period and in denying him post-termination visitation with the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a child abuse and neglect petition against the parents in September of 2019 based upon allegations of domestic violence. Specifically, the DHHR alleged that petitioner poured gasoline on the mother, held out a lighter, and threatened to set her on fire while in the children's presence. Petitioner also, while standing outside the home, pushed a window air conditioning unit into the home, reached inside and grabbed the mother by the hair, and attempted to drag her through the window. Additionally, petitioner attempted to strangle the mother on more than one occasion. The children reported that they did not feel safe with petitioner and were afraid to go home. The DHHR also alleged that the home was infested with roaches and that the children had lice. Petitioner waived his preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

The circuit court held an adjudicatory hearing in October of 2019 wherein the circuit court noted that it received petitioner's drug screen results showing that he tested positive for tetrahydrocannabinol. Petitioner stipulated to the allegations contained in the petition. Specifically, petitioner stipulated that his home was not suitable for human habitation, that he had a substance abuse problem that negatively impacted his parenting abilities, and that he committed domestic violence in the presence of the children, including that he poured gasoline on the mother and threw her into a china cabinet. The circuit court accepted petitioner's stipulation, adjudicated him as an abusing parent, and ordered that he participate in services. The services included parenting and adult life skills classes, random drug screens, anger management classes, domestic violence counseling, substance abuse treatment, and a psychological evaluation.

In January of 2020, the circuit court held a dispositional hearing. A Child Protective Services ("CPS") worker testified that she recommended termination of petitioner's parental rights. The CPS worker stated that petitioner was dishonest during his psychological evaluation and denied that there was any domestic violence in the home. The worker also recommended against post-termination visitation, stating the children were "terrified" of petitioner and "do not have any desire to return home." A service provider testified that petitioner had complied with services but had not benefitted from them given his deceit surrounding the instances of domestic violence in the home.

Petitioner testified that he was complying with services and would test negative for drugs if he were to submit to a screen. Petitioner also admitted to lying during his psychological evaluation, but stated he was willing to comply with any directives of the DHHR. After hearing evidence, the circuit court found that petitioner's acts of domestic violence were severe and life-threatening. The circuit court further found that, despite the DHHR's having provided several services, petitioner failed to participate adequately and failed to benefit from the services. The circuit court also found that petitioner's testimony was not credible. Ultimately, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was in the children's best interests. Petitioner appeals the February 18, 2020, dispositional order terminating his parental rights.[2]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However,

[2]The mother's parental rights were also terminated below. The children were placed in a foster home and the permanency plans are adoption by the foster parents.

a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period. Petitioner contends that he admitted that drugs were a problem for him and that he complied with submitting to drug screens, producing mostly negative screens. Further, although he was not forthcoming during his psychological evaluation, petitioner argues that, at the dispositional hearing, he acknowledged the allegations of abuse, including drug abuse and a roach infestation in the home.[3] Petitioner claims that he did everything asked of him with respect to the services provided and that he should have been granted an improvement period.

This Court has held that "a parent charged with abuse and/or neglect is not unconditionally entitled to an improvement period." *In re Emily*, 208 W. Va. 325, 336, 540 S.E.2d 542, 553 (2000). West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "This Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the miscreant parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). However, the circuit court has discretion to deny an improvement period when no improvement is likely. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

Petitioner failed to demonstrate that he was likely to fully participate in an improvement period. While petitioner argues that he participated in services throughout the proceedings and resolved his issues with domestic violence, the record reveals that petitioner lied to service providers as well as during his psychological evaluation. We have previously held that:

"[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the

---

[3]Petitioner seems to insinuate that his low-level reading and writing skills contributed to his less than forthcoming answers during his psychological evaluation. However, petitioner cites to no portion of the record indicating that he ever raised that issue with the circuit court. Accordingly, we will not address this portion of petitioner's argument, as we have previously held "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009).

perpetrator of said abuse and neglect, results in making the problem unbeatable and in making an improvement period an exercise in futility at the child's expense."

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). During petitioner's psychological evaluation, petitioner denied ever perpetrating physical abuse against the mother. Further, petitioner minimized his history of domestic violence to his service provider, stating that the mother filed a domestic violence protective order against him due to an illness he allegedly had. While petitioner admitted that he had issues with domestic violence and drugs at the dispositional hearing, he did so only after the circuit court had been advised of his deceit. Given petitioner's dishonesty, the circuit court found that petitioner failed to benefit from services. Additionally, petitioner failed to follow through with the circuit court's instructions, including failing to secure his children's personal injury settlements,[4] and continued to associate with the mother at points throughout the proceedings, despite their claims that they were going to divorce. Accordingly, we find no error in the circuit court's decision to deny petitioner an improvement period.

The above-mentioned evidence also supports the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d)(3) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child[.]

The record establishes that petitioner failed to follow through with rehabilitative efforts designed to reduce or prevent the abuse or neglect of the children. Although it is true that petitioner consistently attended his services, petitioner failed to demonstrate that he gained any insight into his behavior or remedied the circumstances the led to the petition's filing. Testimony established that petitioner denied any issues with domestic violence during his psychological evaluation and minimized the extent of the same to his service provider. Interestingly, petitioner acknowledges in his brief on appeal that "he has no expectation that he will be reunited with his children to the point that they would be living in the same home together." Based on the evidence set forth above, it is clear that that there is no reasonable likelihood that petitioner can substantially correct the conditions of abuse and neglect in the near future. While petitioner claims that he should have been

---

[4]Around 2018, the children were awarded damages during a personal injury action after they sustained injuries in a car accident. The circuit court was clear in instructing petitioner that he needed to assist the children by securing the settlement during the proceedings but he failed to do so.

granted a less-restrictive disposition to the termination of his parental rights, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, we find no error in the circuit court's termination of petitioner's parental rights as there was sufficient evidence to find that there was no reasonable likelihood that he could correct the conditions of abuse and/or neglect in the near future and that termination of his parental rights was in the children's best interests.

In petitioner's final assignment of error, he argues that the circuit court erred in denying him post-termination visitation with the children. Petitioner claims that he is the only father the children have known and that his violence issues were never directed towards the children.

We have previously held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). Petitioner fails to establish that continued contact would be in the children's best interest. Petitioner's claim that he is the only father the children have known does not rise to the level of demonstrating a bond and he cites to no portion of the record demonstrating that, in fact, he had a bond with the children. To the contrary, testimony established that the children were "terrified" of petitioner and did "not have any desire to return home." Accordingly, we find no error in the circuit court's decision to deny petitioner post-termination visitation with the children.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 18, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: September 23, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison